UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                  :
ANGEL D. PABON,                                    :

                      Plaintiff,           :      14 Civ. 1954 (PAE) (FM)
         -v-                                          :
                                             :      OPINION & ORDER
CAROLYN W. COLVIN, *Acting Commissioner of*  :
*Social Security*,                               :
                      Defendant.     :
                                             :
------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/11/15
```

PAUL A. ENGELMAYER, District Judge:

      Plaintiff Angel D. Pabon brings this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), which denied Pabon's application for supplemental security income ("SSI") benefits. Pabon seeks an order reversing the Commissioner's decision and granting him SSI benefits, or, alternatively, remanding this action to the Commissioner for reconsideration of the evidence. The Commissioner cross-moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Before the Court is the August 3, 2015 Report and Recommendation of the Honorable Frank Maas, United States Magistrate Judge, recommending that the Court deny Pabon's motion and grant the Commissioner's motion. Dkt. 22 (the "Report"). For the following reasons, the Court adopts the Report in full.

**I.     Background**[1]

Pabon, now age 48, claims that he became disabled on January 10, 2011 due to bipolar disorder, chronic asthma, arthritis in his left hand, migraines, hepatitis C, and depression. In 2006, he worked in a construction job for HL General Contracting; for six months in 2009, he worked as a dishwasher. Pabon did not hold any other jobs in the 10 years prior to his hearing, despite applying for maintenance jobs and other work.

On January 10, 2011, Pabon protectively filed an application for SSI benefits, though his actual written application is dated February 15, 2011. After the Social Security Administration denied his application, on June 2, 2011, he requested and was granted a hearing before an Administrative Law Judge ("ALJ"). On May 3, 2012, Pabon testified at a hearing before ALJ Michael J. Stacchini.

On November 27, 2012, the ALJ issued a decision concluding that Pabon was not disabled within the meaning of the Social Security Act. In reaching that conclusion, the ALJ assigned "little weight" to the opinions of his treating psychiatrist, Dr. Vyas Persaud, which Dr. Persaud set out in reports dated June and November 2011 and March 2012. The ALJ found that Dr. Persaud's opinions were inconsistent with substantial medical evidence, including the opinions expressed by Dr. Arlene Broska, who performed a consultative psychiatric evaluation of Pabon, and Dr. T. Harding, a state agency review psychologist, and were also inconsistent with Pabon's daily living activities and Dr. Persaud's own treatment notes. The Appeals Council denied Pabon's request for review of the ALJ's decision, making the ALJ's decision the Commissioner's final decision.

---

[1] The Court's summary of the facts is drawn from the detailed account of the facts provided in the Report, to which Pabon does not object. The Court adopts in full the Report's recitation of the facts.

2

On March 20, 2014, Pabon commenced this action. *See* Dkt. 2 ("Complaint"). On March 25, 2014, the Court referred this case to Judge Maas. Dkt. 4. On August 8, 2014, the Commissioner answered, Dkt. 9, along with a certified copy of the administrative record, Dkt. 10 ("R.").

On October 8, 2014, Pabon filed a motion to reverse the Commissioner's decision, or alternatively to remand, Dkt. 12, along with a supporting memorandum of law, Dkt. 13 ("Pabon Br."). On February 27, 2015, the Commissioner filed a cross-motion for judgment on the pleadings, Dkt. 19, and a supporting memorandum of law, Dkt. 20 ("Comm'r Br."). On March 12, 2015, Pabon filed a reply to the Commissioner's cross-motion. Dkt. 21 ("Pabon Reply Br.").

On August 3, 2015, Judge Maas issued the Report, recommending that the Court deny Pabon's motion and grant the Commissioner's cross-motion for judgment on the pleadings. Dkt. 22. On August 17, 2015, Pabon filed objections to the Report. Dkt. 23 ("Pabon Obj."). On August 28, 2015, the Commissioner filed a response to Pabon's objections. Dkt. 25 ("Comm'r Resp.").

**II.     Discussion**

   **A.     Applicable Legal Standards**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citation omitted); *see also* 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (citation omitted).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE) (KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). Where a party timely objects to a Report and Recommendation, the district court reviews those portions of the report to which the party objected *de novo*. 28 U.S.C. § 636(b)(1)(C). However, "it is well-settled that when the objections simply reiterate previous arguments or make only conclusory statements, the Court should review the report for clear error." *Dickerson v. Conway*, No. 08 Civ. 8024 (PAE) (FM), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *accord Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (collecting cases). That is, "[r]eviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citation omitted).

### B. Pabon's Objections to the Report

Pabon raises three objections to Judge Maas's Report. The first and third reprise arguments Pabon made before Judge Maas, relating to the ALJ's evaluation of medical opinions and evidence. The second consists of a request, not previously made, to depose the state agency review psychologist, Dr. Harding.

In his first objection, Pabon claims that the ALJ and Judge Maas failed to properly apply the treating physician rule, which affords controlling weight to a treating physician's opinion if it

is supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record. Pabon Obj. 2. The ALJ considered the opinion of Dr. Persaud, Pabon's treating psychiatrist at Soundview Medical Network ("Soundview"), but assigned "little weight" to Dr. Persaud's restrictive assessments of Pabon in his reports in June and November 2011 and March 2012. Report at 15, 26. Pabon raised this claim of error before Judge Maas, *see* Pabon Br. 1–4, and the Report specifically and thoroughly addressed the issue, *see* Report at 15–28. Because this issue was raised before and considered by Judge Maas, the Report's conclusions are reviewed for clear error. *Ortiz*, 558 F. Supp. 2d at 451.

Judge Maas found that the ALJ had articulated good reasons, supported by substantial evidence, for giving Dr. Persaud's opinion less than controlling weight. Report at 28. Specifically, Judge Mass noted, the ALJ explained, in detail, why Dr. Persaud's opinion *was* inconsistent with other substantial evidence. This evidence included the opinions of two consulting examiners, Drs. Broska and Harding; Pabon's acknowledged daily activities; and Dr. Persaud's own earlier and contemporaneous treatment notes. *Id.* at 26–28. The Court finds no clear error in the Report's determination that the ALJ's analysis fairly applied the treating physician rule.[2]

---

[2] Pabon observes, correctly, that it is particularly appropriate to give significant weight to the opinion of the treating physician where that physician has diagnosed psychiatric impairments. Pabon Obj. 2 (citing *Richardson v. Astrue*, No. 09 Civ. 1841 (SAS), 2009 WL 4793994 (S.D.N.Y. Dec. 14, 2009)). The ALJ's analysis did not explicitly acknowledge this principle in discussing Dr. Persaud's opinions, although the ALJ did cite to the treating physician rule generally, *see* R. at 21 (stating that the ALJ "considered opinion evidence in accordance with the requirements of 20 C.F.R. 416.927"), and implicitly acknowledged the weight due to Dr. Persaud by explaining why he was not according Dr. Persaud's opinion "controlling weight," *see* R. at 24. Nevertheless, the ALJ's analysis makes clear that he did, in practice, heed and apply the treating physician rule by carefully considering Dr. Persaud's opinion and the bases for it, and articulating persuasive reasons for why he discounted the portion of that opinion that was inconsistent with other substantial medical and non-medical evidence. *See, e.g.*, *Halloran v. Barnhart*, 362 F.3d 28, 31–32 (2d Cir. 2004) (per curiam) (affirming ALJ opinion that "does not

Pabon's third objection is that the Appeals Council and Judge Maas should have remanded the case to the ALJ for an assessment of the new evidence that Pabon presented to the Appeals Council, namely, the opinion of Dr. Joseph Di Lullo.  Dr. Di Lullo prepared a Medical Source Statement (the "Statement") dated June 24, 2013.  Report at 31.  However, as Judge Maas observed, the Statement does not indicate that Dr. Di Lullo ever treated Pabon during the period of claimed disability, and the Appeals Council, in fact, found that Dr. Di Lullo's assessment of Pabon related to the period following the ALJ's decision.  *See id.* at 31–33.  Judge Maas concluded that the Appeals Council did not err in setting aside the Statement on this ground.  *Id.*  Moreover, Judge Maas determined that, even if Dr. Di Lullo's Statement—despite its not saying so—pertained to the relevant time period, Dr. Di Lullo's assessment was cumulative of that of Dr. Persaud, which the ALJ appropriately discounted as inconsistent with substantial medical evidence indicating less severe symptoms.  *Id.*  The Court finds no error, let alone clear error, in the Report's analysis of this point.[3]

Finally, Pabon's second objection is in fact not an objection to the Magistrate's Report, but rather request to open discovery.  Pabon asks that the Court defer a decision until he has the opportunity to depose Dr. Harding to seek information about "[w]hat the role of the state agency

---

expressly acknowledge the treating physician rule" because the Court's "searching review of the record" revealed "that the substance of the treating physician rule was not traversed").

[3] Relatedly, Pabon argues that he should not be faulted for any gaps in his medical records because these gaps may arise from the fact that Soundview was closed as a result of a corruption scandal involving State Senator Pedro Espada Jr.  Pabon Obj. 2–3; Pabon Br. 4–6.  But neither the ALJ nor Judge Maas relied on gaps in his medical records as a basis to discount Dr. Persaud's opinion.  And, as the Commissioner notes, Comm'r Resp. 6, this scandal did not prevent Pabon from receiving treatment at Soundview from Dr. Persaud or from presenting evidence based on that treatment to the ALJ.  Notably, Pabon does not argue that Dr. Di Lullo ever treated him at Soundview or that Dr. Di Lullo's statement should be received as a proxy for missing records of Dr. Di Lullo's treatment of Pabon at that facility.

examiner is, what evidence the state agency examiner reviews, and the procedures followed by the state agency examiner." Pabon Obj. 3.  Pabon, however, has not previously sought such relief.  Before Judge Maas, he instead argued that the ALJ accorded undue weight to Dr. Harding's opinion.

Pabon's eleventh-hour bid to expand the record by deposing Dr. Harding, raised for the first time in an objection to the Magistrate's Report, is therefore untimely, and the Court declines to consider it.  *See, e.g.*, *Pierce v. Mance*, No. 08 Civ. 4736 (LTS) (KNF), 2009 WL 1754904 at *1 (S.D.N.Y. June 22, 2009) (citing Fed. R. Civ. P. 72(b), which "does not provide that new claims may be raised in objections to a report and recommendation"), *report and recommendation adopted*, 2011 WL 1453795 (S.D.N.Y. Apr. 11, 2011).  Moreover, Pabon's request that the Court authorize deposition testimony is inconsistent with this Court's generally limited role in reviewing the Commissioner's decision.  *See* 402 U.S.C. § 405(g) ("The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . ."); *Krieger v. Comm'r of Soc. Sec.*, No. 12 Civ. 884, 2013 WL 3812003, at *9 (S.D. Ohio July 22, 2013) ("[D]iscovery of any sort . . . is not permitted in a social security appeal, because this Court's review of the ALJ's decision in such a case is limited to the existing record."), *report and recommendation adopted*, 2013 WL 4458801 (S.D. Ohio Aug. 20, 2013); *see also Mathews v. Weber*, 423 U.S. 261, 270 (1976) ("[U]nder [§] 205(g) of the Social Security Act, neither party may put any additional evidence before the district court." (citation omitted)).  Pabon has not alleged that any exception to this general rule applies to the deposition sought, and the Court finds none.

## CONCLUSION

For the reasons articulated in the Report, the Court denies Pabon's motion and grants the Commissioner's cross-motion. The Clerk of Court is directed to terminate the motions pending at docket numbers 12 and 19, and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 11, 2015
New York, New York